IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

PENNY LANE SANKEY,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

No. C15-3161

RULING ON JUDICIAL REVIEW

## TABLE OF CONTENTS

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II.*   *PRINCIPLES OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*III.*  *FACTS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*IV.*  *CONCLUSIONS OF LAW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     *A.*   *ALJ's Disability Determination* . . . . . . . . . . . . . . . . . . . . . . . 5
     *B.*   *Objections Raised By Claimant* . . . . . . . . . . . . . . . . . . . . . . . 7
          *1.*   *RFC Assessment* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
          *2.*   *Hypothetical Questions* . . . . . . . . . . . . . . . . . . . . . . . 13

*V.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*VI.*  *ORDER* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## I. INTRODUCTION

This matter comes before the Court on the Complaint (docket number 3) filed by Plaintiff Penny Lane Sankey on October 30, 2015, requesting judicial review of the Social Security Commissioner's decision to deny her applications for Title II disability insurance

benefits and Title XVI supplemental security income ("SSI") benefits.[1] Sankey asks the Court to reverse the decision of the Social Security Commissioner ("Commissioner") and order the Commissioner to provide her disability insurance benefits and SSI benefits. In the alternative, Sankey requests the Court to remand this matter for further proceedings.

## II. PRINCIPLES OF REVIEW

The Commissioner's final determination not to award disability insurance benefits following an administrative hearing is subject to judicial review. 42 U.S.C. § 405(g). The Court has the authority to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id.* The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3).

The Court "'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014). Substantial evidence is defined as less than a preponderance of the evidence, but is relevant evidence a "'reasonable mind would find adequate to support the commissioner's conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014). In determining whether the ALJ's decision meets this standard, the Court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005) (citation omitted). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C. § 405(g). The Court not only considers the evidence which supports the ALJ's decision, but also the evidence that detracts from his or her decision. *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012)

---

[1] On December 30, 2015, both parties consented to proceed before a magistrate judge in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

In *Culbertson v. Shalala*, the Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is 'something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal.'

30 F.3d 934, 939 (8th Cir. 1994). In *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011), the Eighth Circuit further explained that a court "'will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" "'An ALJ's decision is not outside that zone of choice simply because [a court] might have reached a different conclusion had [the court] been the initial finder of fact.'" *Id.* Therefore, "even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). *See also Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) ("'As long as substantial evidence in the record supports the Commissioner's decision, [the court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently.' *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).").

### III. FACTS

Sankey was born in 1974. She is a high school graduate. Sankey also attended three years of college and earned an Associate's Degree in nursing. In the past, she worked as a practical nurse, registered nurse, and secretary.

Sankey filed her applications for disability insurance benefits and SSI benefits on December 9, 2011, alleging disability due to two ruptured discs, degenerative disc disease, chronic right arm pain/radiculopathy, depression, adult ADHD, and generalized anxiety disorder. She alleged she became disabled on September 15, 2010. Her applications were

denied upon initial review, and on reconsideration. On February 27, 2014, Sankey appeared via video conference with her attorney before Administrative Law Judge ("ALJ") Julie K. Bruntz for an administrative hearing.[2] In a decision dated April 11, 2014, the ALJ denied Sankey's claims. The ALJ determined Sankey was not disabled and not entitled to disability insurance benefits or SSI benefits because she was functionally capable of performing work that exists in significant numbers in the national economy. Sankey appealed the ALJ's decision. On August 26, 2015, the Appeals Council denied Sankey's request for review. Consequently, the ALJ's April 11, 2014 decision was adopted as the Commissioner's final decision.

On October 30, 2015, Sankey filed the instant action for judicial review. A briefing schedule was entered on January 13, 2016. On April 29, 2016, Sankey filed a brief arguing there is no substantial evidence in the record to support the ALJ's finding that she is not disabled and that she is functionally capable of performing other work that exists in significant numbers in the national economy. On May 27, 2016, the Commissioner filed a responsive brief arguing the ALJ's decision was correct and asking the Court to affirm the ALJ's decision. Sankey filed a reply brief on June 7, 2016.

Additionally, on April 12, 2016, the parties filed a joint statement of facts addressing Sankey's background, the case's procedural history, testimony from the administrative hearing, and Sankey's medical history. *See* docket number 16. The parties' joint statement of facts is hereby incorporated by reference. Further discussion of pertinent facts will be addressed, as necessary, in the Court's consideration of the legal issues presented.

---

[2] At the administrative hearing, Sankey was represented by attorney Derek J. Johnson. On appeal, Sankey is represented by attorney Blake Parker.

## IV. CONCLUSIONS OF LAW

### A. ALJ's Disability Determination

The ALJ determined Sankey was not disabled. In making this determination, the ALJ was required to complete the five-step sequential test provided in the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Moore v. Colvin*, 769 F.3d 987, 988 (8th Cir. 2014). The five steps an ALJ must consider are:

> (1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is or approximates an impairment listed in Appendix 1; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work.

*Hill v. Colvin*, 753 F.3d 798, 800 (8th Cir. 2014); *see also* 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

In considering the steps in the five-step process, the ALJ:

> first determines if the claimant engaged in substantial gainful activity. If so, the claimant is not disabled. Second, the ALJ determines whether the claimant has a severe medical impairment that has lasted, or is expected to last, at least 12 months. Third, the ALJ considers the severity of the impairment, specifically whether it meets or equals one of the listed impairments. If the ALJ finds a severe impairment that meets the duration requirement, and meets or equals a listed impairment, then the claimant is disabled. However, the fourth step asks whether the claimant has the residual functional capacity to do past relevant work. If so, the claimant is not disabled. Fifth, the ALJ determines whether the claimant can perform other jobs in the economy. If so, the claimant is not disabled.

5

*Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010). At the fourth step, the claimant "'bears the burden of demonstrating an inability to return to [his] or her past relevant work.'" *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010). If the claimant meets this burden, the burden shifts to the Commissioner at step five to demonstrate that "'the claimant has the physical residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with [his or] her impairments and vocational factors such as age, education, and work experience.'" *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). The RFC is the most an individual can do despite the combined effect of all of his or her credible limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a)(1); *Toland v. Colvin*, 761 F.3d 931, 935 (8th Cir. 2014). The ALJ bears the responsibility for determining "'a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his or] her limitations.'" *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013); 20 C.F.R. §§ 404.1545, 416.945.

The ALJ applied the first step of the analysis and determined Sankey had not engaged in substantial gainful activity since September 15, 2010. At the second step, the ALJ concluded from the medical evidence Sankey had the following severe impairments: disorders of the back, affective disorder, anxiety disorder, and personality disorder. At the third step, the ALJ found Sankey did not have an impairment or combination of impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. At the fourth step, the ALJ determined Sankey's RFC as follows:

> [Sankey] has the residual functional capacity to perform light work[.] . . . She can lift and/or carry 20 pounds occasionally and ten pounds frequently; can stand or walk for six hours during an eight-hour workday; can sit for six hours during an eight-hour workday; has an unlimited ability to push and pull, including the operation of hand and foot controls, within the foregoing weights; can occasionally climb ladders, ropes, scaffolds, ramps, and stairs, as well as balance, kneel, stoop,

> crouch, and crawl; can frequently use the right upper
> extremity to lift overhead, handle, and finger; is limited to
> simple routine tasks; and can tolerate short-lived, superficial
> contact with the public, co-workers, and supervisors.

(Administrative Record at 15.) Also at the fourth step, the ALJ determined Sankey is unable to perform her past relevant work. At the fifth step, the ALJ determined based on her age, education, previous work experience, and RFC, Sankey could work at jobs that exist in significant numbers in the national economy. Therefore, the ALJ concluded Sankey was not disabled.

### B. Objections Raised By Claimant

Sankey argues the ALJ erred in two respects. First, Sankey argues the ALJ's RFC assessment is flawed because it is not supported by substantial evidence and does not properly set forth her credible functional limitations. Second, Sankey argues the ALJ provided a flawed hypothetical question to the vocational expert at the administrative hearing.

### 1. RFC Assessment

Sankey argues the ALJ's RFC assessment is flawed. Specifically, Sankey argues the ALJ in making her RFC assessment, failed to include limitations regarding her difficulties with both pace, and neck, right arm, and right hand problems. Thus, Sankey contends the ALJ's RFC assessment is not supported by substantial evidence in the record. Sankey maintains this matter should be remanded for a new RFC determination based on a fully and fairly developed record.

When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with claimant's impairments and vocational factors such as age, education, and work experience. *Beckley*, 152 F.3d at 1059. The ALJ is responsible for assessing a claimant's RFC, and his or her assessment

must be based on all of the relevant evidence. *Guilliams*, 393 F.3d at 803. Relevant evidence for determining a claimant's RFC includes "'medical records, observations of treating physicians and others, and an individual's own description of his [or her] limitations.'" *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quoting *Strongson*, 361 F.3d at 1070). While an ALJ must consider all of the relevant evidence when determining a claimant's RFC, "the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Casey*, 503 F.3d at 697 (citing *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004)).

Additionally, an ALJ has a duty to develop the record fully and fairly. *Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir. 2007). Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts*, 143 F.3d at 1138 (quoting *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994)); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (citation omitted).

Furthermore, an ALJ is required to evaluate every medical opinion he or she receives from a claimant. 20 C.F.R. § 404.1527(c). If the medical opinion is not from a treating source, then the ALJ considers the following factors for determining the weight to be given to the non-treating medical opinion: "(1) examining relationship, (2) treating relationship, (3) supportability, (4) consistency, (5) specialization, and (6) other factors." *Wiese v. Astrue*, 552 F.3d 728, 731 (8th Cir. 2008). "'It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the

government, if they are inconsistent with the record as a whole.'" *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007) (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001)).

The Court will first address the ALJ's consideration of Sankey's alleged difficulties with pace. Sankey argues the ALJ failed to fully adopt the opinions of Dr. Dan L. Rogers, Ph.D., a consultative examining psychologist, when making her RFC assessment for Sankey. Specifically, Sankey asserts the ALJ did not include Dr. Rogers' opinion that she "is able to understand and remember instructions, procedures, and locations[, but]. . . her pace is poor and even though she can maintain attention most of the time, her concentration is poor, consequently, she is not able to reliably carry out instructions" in her RFC determination for Sankey.[3] The Commissioner responds the ALJ both fully addressed the medical record with regard to Sankey's alleged difficulties with pace, and properly considered the opinions of Dr. Rogers.

In her decision, the ALJ thoroughly reviewed Sankey's medical history and explained her reasoning for finding only moderate limitations with regard to Sankey's concentration, persistence, and pace. Specifically, the ALJ determined:

> With regard to concentration, persistence, or pace, [Sankey] has no more than moderate difficulties. [She] has not presented upon mental status examination with medical signs consistent with the presence of more than moderate difficulties in this area, such as serious, chronic attention, concentration, or memory deficits. Additionally, as detailed above, she is able to engage in activities of daily living, the performance of which is inconsistent with a finding that she has marked or extreme difficulties with regard to concentration, persistence, or pace. Accordingly, the undersigned finds that [Sankey's] mental impairments result in no more than moderate difficulties with regard to concentration, persistence, or pace.

_____

[3] *See* Administrative Record at 527 (Dr. Rogers' opinion).

(Administrative Record at 14.) Based on this finding, the ALJ in her RFC assessment limited Sankey to "simple, routine tasks."[4]

In *Brachtel v. Apfel*, a claimant was found to "often" have deficiencies of concentration, persistence, or pace. 132 F.3d 417, 421 (8th Cir. 1997). The ALJ's RFC assessment in *Brachtel*, provided that the claimant had the ability "'to do only simple routine repetitive work, which does not require close attention to detail.'" *Id.* (quotation omitted). Upon review, the Eighth Circuit Court of Appeals determined the limitations requiring the claimant to only do "simple routine repetitive work," properly accounted for the claimant's deficiencies in concentration, persistence, and pace in the ALJ's RFC assessment. *Id.*; *see also Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (finding the ability to do simple, repetitive, routine tasks adequately captures a claimant's deficiencies in concentration, persistence, or pace). Accordingly, in this case, the Court finds the ALJ's RFC determination that Sankey is able to perform "simple, routine tasks" adequately accounts for Sankey's deficiencies in concentration, attention, and pace.[5] *See Howard*, 255 F.3d at 582; *Brachtel*, 132 F.3d at 421. The ALJ also fully and fairly developed the record with regard to Sankey's limitations in the area of pace. *See Cox*, 495 F.3d at 618. Therefore, even if inconsistent conclusions could be drawn on this issue, the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

In her decision, the ALJ also thoroughly considered Dr. Rogers' opinions and addressed his opinions as follows:

> The undersigned also gives partial weight to the opinion of consultative examiner Dan L. Rogers, Ph.D. (Exhibit 7F/4-5). Although his opinion is generally consistent with the findings of a contemporaneous mental status examination,

---

[4] *Id.* at 15 (ALJ's RFC assessment).

[5] *Id.*

10

which are detailed above, Dr. Rogers relied heavily upon [Sankey's] self-reported symptomology and limitations when rendering his opinion. (Exhibit 7F/3-4). Because [Sankey's] subjective complaints are only partially credible for the reasons detailed hereinabove [(sic)], the undersigned gives Dr. Roger's [(sic)] opinion only partial weight to the extent i[t] i[s] supported by the objective medical signs gleaned from his examination. Of particular note, the undersigned has found [Sankey] to be more limited in the area of social functioning than assessed by the State Agency psychological consultants due to [Sankey's] discernible social anxiety and hesitance during Dr. Rogers' examination.

(Administrative Record at 18-19.)

Having reviewed the entire record, the Court also finds the ALJ properly considered and weighed the medical opinion evidence from Dr. Rogers. The Court also finds that the ALJ provided "good reasons" for the weight she assigned to Dr. Rogers' medical opinions. *See* 20 C.F.R. § 404.1527(c)(2); *Strongson*, 361 F.3d at 1070; *Edwards*, 314 F.3d at 967. Because the ALJ gave only partial weight to Dr. Rogers' opinion and fully explained her reasoning for finding only moderate limitations in the area of pace, the Court concludes the ALJ's RFC assessment on this issue is sufficient. *See Guilliams*, 393 F.3d at 803 (providing an ALJ's assessment of a claimant's RFC must be based on relevant evidence). Even if inconsistent conclusions could be drawn on this issue, the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

Turning to the issue of Sankey's alleged neck, right arm, and hand problems, the ALJ thoroughly addressed and reviewed Sankey's medical history, including treatment for back, neck, shoulder, arm, and hand pain. Specifically, the ALJ found:

[Sankey's] spine impairment has not manifested as abnormal clinical findings reasonably consistent with her allegations. [Her] neck pain began in April 2009 and warranted invasive treatment by means of an anterior cervical interbody fusion at

C5-C6 and C6-C7 on May 21, 2009, which had "excellent" results. (Exhibit 1F/5, 8, 14, 15, 17, 21). [Sankey] also underwent two cervical epidural steroid injections in November 2009 and December 2009. (Exhibit 6F/35-38). In September 2010, the month [Sankey] reportedly became disabled, she sought treatment for "severe pain" in her right lateral neck and shoulder, which reportedly radiated into her right arm. (Exhibit 4F/39). Although she utilized narcotic medications and underwent an additional cervical epidural steroid injection in January 2011, physical examinations have not yielded evidence of ongoing motor, sensory, reflex, or strength deficits consistent with [Sankey's] allegations. (Exhibits 2F/23, 6F/32, 11F/7-8, 14F/13). Of note, although she began to report right arm and neck pain and tingling in May 2011, examinations have not yielded commensurate medical signs. (Exhibit 6F/13). Furthermore, radiographic imagining has yielded evidence of only stable postoperative changes and "mild" degenerative disc disease. (Exhibits 13F/23; 14F/29, 31, 34).

(Administrative Record at 17.) The ALJ also outlined Sankey's activities of daily living and determined her alleged limitations, including problems with her neck, right arm, and right hand, were inconsistent with her daily activities.[6]

Having reviewed the entire record, the Court concludes the ALJ properly considered Sankey's medical records, observations of treating physicians, and Sankey's own description of her limitations in making the ALJ's RFC assessment with regard to Sankey's ability to use are arms and hands. *See Lacroix*, 465 F.3d at 887. The ALJ also fully and fairly developed the record with regard to Sankey's limitations associated with her neck, right arm, and right hand problems. *See Cox*, 495 F.3d at 618. The Court concludes the ALJ's RFC assessment with regard to Sankey's ability to use her arms and hands is supported by substantial evidence in the record. *See Bernard*, 774 F.3d at 486. Even if inconsistent conclusions could be drawn on this issue, the Court upholds the

---

[6] *See* Administrative Record at 14, 18 (thorough discussion of Sankey's activities of daily living).

conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

In conclusion, the Court will also address the ALJ's overall RFC assessment for Sankey. In her assessment, the ALJ thoroughly addressed and considered Sankey's medical history and treatment for all of her complaints in determining her RFC.[7] The ALJ also properly considered and thoroughly discussed Sankey's subjective allegations of disability in making her overall disability determination, including determining Sankey's RFC.[8] Therefore, having reviewed the entire record, the Court finds that the ALJ properly considered Sankey's medical records, observations of treating physicians, and Sankey's own description of her limitations in making the ALJ's RFC assessment for Sankey.[9] *See Lacroix*, 465 F.3d at 887. Furthermore, the Court finds that the ALJ's decision is based on a fully and fairly developed record. *See Cox*, 495 F.3d at 618. Because the ALJ considered the medical evidence as a whole, the Court concludes the ALJ made a proper RFC determination based on a fully and fairly developed record. *See Guilliams*, 393 F.3d at 803; *Cox*, 495 F.3d at 618. The Court concludes Sankey's assertion that the ALJ's RFC assessment is flawed is without merit.

### 2. *Hypothetical Questions*

Sankey argues the ALJ's hypothetical question to the vocational expert was incomplete because it did not properly account for all of her impairments. Sankey also argues the ALJ's hypothetical question did not contemplate all of her functional limitations. Sankey maintains this matter should be remanded so that the ALJ may provide the vocational expert with a proper and complete hypothetical question.

---

[7] *Id.* at 14-19 (providing a thorough discussion of Sankey's overall medical history and treatment).

[8] *See* Administrative Record at 14, 18 (providing a thorough discussion of Sankey's subjective allegations of disability).

[9] *Id.* at 14-19 (providing a thorough discussion of the relevant evidence for making a proper RFC determination).

Hypothetical questions posed to a vocational expert, including a claimant's RFC, must set forth his or her physical and mental impairments. *Goff*, 421 F.3d at 794. "The hypothetical question must capture the concrete consequences of the claimant's deficiencies." *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) (citing *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997)). The ALJ is required to include only those impairments which are substantially supported by the record as a whole. *Goose v. Apfel*, 238 F.3d 981, 985 (8th Cir. 2001); *see also Haggard v. Apfel*, 201 F.3d 591, 595 (8th Cir. 1999) ("A hypothetical question 'is sufficient if it sets forth the impairments which are accepted as true by the ALJ.' *See Davis v. Shalala*, 31 F.3d 753, 755 (8th Cir. 1994) (quoting *Roberts v. Heckler*, 783 F.2d 110, 112 (8th Cir. 1985).").

Having reviewed the entire record, the Court finds that the ALJ thoroughly considered and discussed both the medical evidence and Sankey's testimony in determining Sankey's impairments and functional limitations.[10] The Court further determines that the ALJ's findings and conclusions are supported by substantial evidence on the record as a whole. Because the hypothetical question posed to the vocational expert by the ALJ was based on the ALJ's findings and conclusions, the Court concludes the ALJ's hypothetical question properly included those impairments which find substantial support in the record as a whole. *See Goose*, 238 F.3d at 985; *see also Forte v. Barnhart*, 377 F.3d 892, 897 (8th Cir. 2004) (an ALJ need only include those work-related limitations that he or she finds credible). Therefore, the ALJ's hypothetical question was sufficient.

## V. CONCLUSION

The Court finds the ALJ properly considered and weighed the medical opinion evidence in the record. The Court also finds the ALJ considered the medical evidence as a whole, and made a proper RFC determination based on a fully and fairly developed record. Finally, the ALJ's hypothetical question to the vocational expert properly included

---

[10] *See* Administrative Record at 14-19.

those impairments and functional limitations substantially supported by the record as a whole. Accordingly, the Court determines that the ALJ's decision is supported by substantial evidence and shall be affirmed.

## *VI. ORDER*

1. The final decision of the Commissioner of Social Security is **AFFIRMED**;

2. Plaintiff's Complaint (docket number 3) is **DISMISSED** with prejudice; and

3. The Clerk of Court is directed to enter judgment accordingly.

DATED this _4th_ day of October, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA